UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLONDINE M. McBRIDE | CIVIL ACTION |
| VERSUS | NO. 16-15250 |
| B.P. OIL SPILL, HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGE | SECTION "J" (2) |

* * * * *

| | |
|---|---|
| RICHARD McBRIDE | CIVIL ACTION |
| VERSUS | NO. 16-15253 |
| B.P. OIL SPILL, HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGE | SECTION "J" (2) |

* * * * *

| | |
|---|---|
| LEOUTHA BATISTE | CIVIL ACTION |
| VERSUS | NO. 16-15254 |
| B.P. OIL SPILL, HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGE | SECTION "J" (2) |

* * * * *

| | |
|---|---|
| RICO O. McBRIDE | CIVIL ACTION |
| VERSUS | NO. 16-15255 |
| B.P. OIL SPILL, HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGE | SECTION "J" (2) |

* * * * *

| | |
|---|---|
| POWER HOUSE CHURCH OF GOD, HOLY GHOST POWER | CIVIL ACTION |
| VERSUS | NO. 16-15258 |
| B.P. OIL SPILL, HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGE | SECTION "J" (2) |

* * * * *

| | |
|---|---|
| ESTHER WATSON | CIVIL ACTION |
| VERSUS | NO. 16-15259 |
| B.P. OIL SPILL, HALLIBURTON AND TRANSOCEAN PUNITIVE DAMAGE | SECTION "J" (2) |

## ORDER AND REASONS

Plaintiffs in the six above-captioned cases are closely connected residents of Moss Point, Mississippi. The have all filed virtually identical complaints, each accompanied by a separate application to proceed in forma pauperis ("IFP").

The five individual plaintiffs – the McBrides, Batiste and Watson – all allege that they worked as members of "the Queen Esther commercial fishing" crew and that the Power House Church of God, Holy Ghost Power ("the Church") lost donations from the Queen Esther fishing operation and members of the Church, which "was damaged and effected (sic) by the B.P. oil spill that occurred on or about April 20, 2010." Complaints at ¶'s 1-2. The complaints allege that the church was part owner of the Queen Esther commercial fishing venture and "had a contract with the Queen Esther commercial

fishing [to] recover punitive damage (sic) . . ." Id. at ¶ 6.  The complaints also allege that the Church suffered "business economic loss" and lost profits, id. at ¶ 7, and that each of the individual plaintiffs "sustained personal property physical damage as a direct result of the Deepwater horizon incident . . . ." Id. at ¶ 9.

Throughout the complaints, references are made to the $2.3 billion punitive damages class settlement agreements between plaintiff classes and BP's co-defendants in the pending MDL proceedings, MDL No. 2179, Halliburton ("HESI") and Transocean. Id. at ¶'s 10-13.  The prayers for relief in each complaint appear to seek payment from the proposed Halliburton-Transocean settlements, which have not yet received this court's final approval, with a fairness hearing currently set for November 10, 2016, Record Doc. No. 16900, and as to which the claim payment process has not yet begun.

It appears that the filing of these complaints was prompted by plaintiffs' receipt of class notices issued in connection with the pending Halliburton-Transocean settlements and/or by denial of their claims in the separate BP Economic Damages Settlement Program.  Plaintiffs are hereby instructed that it is not necessary to file a separate lawsuit and to pay the $400 filing fee and/or seek in forma pauperis status, either to appeal the denial of their claims by the BP Economic Damages claims administrator or to assert a claim to receive payment from the Halliburton-Transocean settlements.

To obtain this court's review of any denial of plaintiffs' administrative claims involving the BP Economic Damages Settlement Program, plaintiffs need only file a

motion seeking review of denial of their claims in this court in MDL No. 2179. To assert a claim to receive payment from the Halliburton-Transocean settlements, plaintiffs need only complete and submit the appropriate claim form to the claims administrator. Claims forms are available to them on the court's website. A sample form is attached to this order. A separate lawsuit accompanied by the $400 filing fee or an IFP application is not necessary at this time.

In addition, it appears that some of the plaintiffs are financially or otherwise ineligible to proceed in forma pauperis. For example, Rico McBride, Leoutha Batiste and Esther Watson have more than sufficient cash or funds available in checking or savings accounts to pay the filing fee. The Church is an entity – not a natural person. It is well established that "[o]nly natural persons may qualify to proceed [in forma pauperis] under 28 U.S.C. § 1915." Lee v. Tex. Dep't of Pub. Safety, 104 F. App'x 425, 426 (5th Cir. 2004) (citing Rowland v. Calif. Men's Colony, 506 U.S. 194, 202-03 (1993)); accord Emrit v. Nat'l Acad. of Recording Arts & Scis., No. A-14-CA-392-SS, 2015 WL 518774, at *5 (W.D. Tex. Feb. 5, 2015) (citing 28 U.S.C. § 1915(a); Rowland, 506 U.S. at 211-12; Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004)). Moreover, the United States Court of Appeals for the Fifth Circuit has consistently held that entities like corporations, partnerships, trusts and other associations may not proceed pro se, but must be represented in legal proceedings by licensed counsel. Walker v. Webco Indus., Inc., 562 F. App'x 215, 217 (5th Cir. 2014) (citing Rowland v. Calif.

Men's Colony, 506 U.S. 194, 202 & n.5 (1993) <u>Sw. Express Co., Inc. v. Interstate Commerce Comm'n</u>, 670 F.2d 53, 54-56 (5th Cir. 1982)); <u>Memon v. Allied Domecq QSR</u>, 385 F.3d 871, 873 (5th Cir. 2004); <u>United States v. Trowbridge</u>, 251 F.3d 157, 2001 WL 300933, at *1 (5th Cir. 2001). The consequences to a business entity attempting to proceed without legal representation are severe, including, for example, dismissal of a claim. <u>Walker</u>, 562 F. App'x at 217; <u>Donovan v. Road Rangers Country Junction, Inc.</u>, 736 F.2d 1004, 1005 (5th Cir. 1984); <u>Wethy v. Barrett, Daffin, Frappier, Turner & Engle LLP</u>, No. 3:13-CV-2547-N BH, 2013 WL 4436179, at *2 (N.D. Tex. Aug. 19, 2013) (citing <u>Donovan</u>, 736 F.2d at 1005).

For all of the foregoing reasons, these applications to proceed in forma pauperis are dismissed without prejudice. Plaintiffs are advised that the complaints are <u>not</u> necessary, if all they seek is (a) review of denial of their claims against the BP Economic Damages Settlement Program, which may be accomplished by motion in MDL No. 2179, or (b) to assert a claim with the claims administrator for payment from the Halliburton-Transocean settlement funds.

New Orleans, Louisiana, this ___14th___ day of October, 2016.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**

| SWS-2 | Seafood Crew Compensation Plan Claimant Sworn Written Statement |
|---|---|

This Sworn Written Statement may be used by a claimant. If you need more space to complete this Sworn Written Statement, attach additional pages, and they will be incorporated into this document. Include your Claimant Number or Social Security number/employer identification number on all additional pages.

### A. CLAIMANT INFORMATION

**Name:** Last / First / Middle Initial

**Halliburton/Transocean Punitive Damages & Assigned Claims Settlements Claimant Number:** |__|__|__|__|__|__|__|__|__|__|__|

**Address:** Street / City / State / Zip Code

**Telephone Number:** (|__|__|__|) |__|__|__| - |__|__|__|__|

**Social Security Number:**
or
**Individual Taxpayer Identification Number:**
or
**Employer Identification Number:**

SSN or ITIN |__|__|__| - |__|__| - |__|__|__|__|

EIN |__|__| - |__|__|__|__|__|__|__|

### B. EMPLOYMENT INFORMATION

Please include all Seafood Crew employment from 2010 in this section. For each employer, you must submit the following documentation of 2010 seafood crew employment: (1) W-2; (2) 1099; and/or (3) at least one pay check stub. Attach additional pages if you had more than two 2010 Seafood Crew employers.

**Employer Name:** Last Name or Full Name of Business / First / Middle Initial

**Employer Address:** Street / City / State / Zip Code

**Employer Telephone Number:** (|__|__|__|) |__|__|__| - |__|__|__|__|

**Job Title/Description of Work:**

**2010 Dates of Work:** ___/___/___ (Month/Day/Year) to ___/___/___ (Month/Day/Year)

**Was your employment steady, seasonal, year-round, or intermittent?** ❑ Steady  ❑ Seasonal  ❑ Year-Round  ❑ Intermittent

**Vessel Name:**

**Vessel Home Port:**

**Species Fished:**

SWS - 2
v.1

1

| | | | |
|---|---|---|---|
| **Employer Name:** | Last Name or Full Name of Business | First | Middle Initial |

| | |
|---|---|
| **Employer Address:** | Street |
| | City / State / Zip Code |

**Employer Telephone Number:** (___) ___-____

**Job Title/Description of Work:**

**2010 Dates of Work:** ___/___/___ (Month/Day/Year) to ___/___/___ (Month/Day/Year)

**Was your employment steady, seasonal, year-round, or intermittent?** ❏ Steady   ❏ Seasonal   ❏ Year-Round   ❏ Intermittent

**Vessel Name:**

**Vessel Home Port:**

**Species Fished:**

## C. SIGNATURE

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that all the information I have provided in this Statement (and in any pages I have attached to or submitted with this Statement to provide additional information requested in this Statement) is true and accurate to the best of my knowledge, and that supporting documents attached to or submitted with this Statement and the information contained therein are true, accurate, and complete to the best of my knowledge, and I understand that false statements or claims made in connection with this Statement may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government, and that suspicious claims will be forwarded to federal, state, and local law enforcement agencies for possible investigation and prosecution.

**Date Signed:** ___/___/___ (Month/Day/Year)

Signature: _____

Name (Printed or Typed): _____